E. GRADY JOLLY, Circuit Judge,
specially concurring:
I concur. If, however, we were writing on a clean slate — that is without two decades of following Memorial Hospital, and without other circuits essentially doing the same — I would make clear that the test proposed in Memorial Hospital should be articulated in the disjunctive, not the conjunctive. Instead of requiring that “the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an *231 ERISA plan; and ... the claims directly affect the relationship among the traditional ERISA entities — the employer, the plan and its fiduciaries, and the participants and beneficiaries,” Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th Cir.1990), I would make the test whether: “(1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; [or] (2) the claims directly affect the relationship among the traditional ERISA entities — the employer, the plan and its fiduciaries, and the participants and beneficiaries.” Id. The satisfaction of either the first or second prong establishes preemption, and that is that.